Filed 3/27/25  P. v. Beason CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MARLON BEASON,<br><br>      Defendant and Appellant. | D083452<br><br><br>(Super. Ct. No. SCD275033) |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Dismissed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Marlon Beason appeals from an order denying his petition for sentencing modification.  Because the trial court lacked jurisdiction when it denied Beason's petition for resentencing, the order does not affect Beason's

substantial rights and is not appealable.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we therefore dismiss the appeal.

## I.

A jury found Beason guilty of robbery (Pen. Code, § 211; count 1). Beason pled guilty to possession of two different firearms by a person previously convicted of a felony (§ 29800, subd. (a)(1); counts 2 and 3) and possession of ammunition by a person prohibited from possessing a firearm (§ 30305(a)(1); count 4).  The court found true allegations that Beason had probation denial priors (§ 1203(e)(4)), three prison priors (§§ 667.5(b) & 668), and two serious felony priors (§§ 667(a)(1), 668, & 1192.7(c)) that were also alleged to be strike priors (§§ 667(b)-(i), 668, & 1170.12).  In 2018, the court sentenced Beason to a total prison term of 25 years to life plus 16 years.

After considering Beason's direct appeal, we remanded for resentencing for the trial court to consider changes in law (1) giving it discretion regarding sentencing enhancements under section 667(a) and (2) precluding one-year prison prior enhancements under section 667.5(b) for non-sexually violent offenses.  (*People v. Beason* (July 1, 2020, D074452) [nonpub. opn.].)  On remand, the court struck the prison prior enhancements but declined to strike the serious felony priors, resulting in a total sentence of 25 years to life plus 14 years.

In 2023, after the court in one of Beason's prior serious felony strike cases reduced the offense to a misdemeanor, Beason petitioned the court in this matter to modify his sentence.

The court denied the petition in late 2023 because it found Beason did not appear to have "legal standing to petition the court for resentencing."  It

noted, however, that "[w]ith the passage of A[ssembly Bill No. ]600," Beason "may petition the court again for resentencing consideration in 2024."

## II.

On appeal, Beason requests we vacate the order denying his petition for resentencing and remand to the trial court with directions to reconsider the sentence under current section 1172.1. We agree with the People the order is unappealable. Because the trial court lacked jurisdiction when it denied Beason's petition for resentencing, the order did not affect his substantial rights.

To the extent this issue calls for statutory interpretation, our review is de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) To the extent it is review of the trial court's denial of recall, our review is for abuse of discretion. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)

When the court ruled on Beason's petition to modify his sentence in 2023, it had no jurisdiction to resentence him under the version of section 1172.1 then in effect. In 2023, a court could recall a sentence and resentence the defendant (1) on its own motion, within 120 days of the date of commitment, or (2) at any time upon the recommendation of specified individuals. (Former § 1172.1(a)(1), amended by Stats. 2023, ch. 446, § 2.) Neither of those criteria was satisfied at the time the court ruled on Beason's petition, and Beason does not argue otherwise. Beason was thus ineligible for relief and the court lacked jurisdiction to resentence him under section 1172.1.

That absence of jurisdiction compels us to dismiss Beason's appeal. "A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th

3

629, 639.) Although Beason claims he is "attempting to accept" through this appeal the trial court's purported "invitation" to again seek resentencing in 2024 after amendments to section 1172.1 became effective, that attempt does not make the underlying order appealable.

Beason's reliance on a more recent amendment to section 1172.1 is unavailing. Assembly Bill No. 600 amended section 1172.1(a)(1), effective January 1, 2024, to permit a court to recall a sentence in a third scenario—on its own motion at any time "if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory or case law." (§ 1172.1(a)(1).) Citing *E.M.*, Beason contends we should reverse and remand for the trial court to apply the amended section 1172.1. We disagree, as *E.M.* is distinguishable.

There, the trial court denied resentencing because it believed recent legislative amendments did not apply to the defendant's case. (*E.M.*, 85 Cal.App.5th at p. 1081.) The appellate court reversed and remanded for consideration under section 1172.1 because the amendment clarified procedural requirements of "then-existing law." (*Id.* at pp. 1089-1090.) Those requirements had thus always applied. (*Ibid.*) Here, in contrast, the at-issue amendment substantively changed—rather than clarified— section 1172.1 *after* the court denied resentencing. That change in the scope of the court's jurisdiction was not effective when the court issued its order, so it did not err by not applying it.

In addition, unlike here, the trial court in *E.M.* "had jurisdiction to grant relief" at the time it issued its order. (*E.M.*, 85 Cal.App.5th at p. 1085.) As *E.M.* noted, "[i]f the matter had not been within the court's jurisdiction to adjudicate, E.M. could not have appealed the order denying recall." (*Id.* at pp. 1084-1085.) Such is the case here. Because the court did not have

4

jurisdiction to recall Beason's sentence, Beason cannot demonstrate his substantial rights are affected and therefore cannot appeal the order denying relief.

We therefore dismiss the appeal. Given this disposition, we need not address the parties' remaining arguments.

III.

We dismiss the appeal.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

BUCHANAN, J.